UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Criminal Case No.   10-cr-00382-WYD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1. MIGUEL SALAIS-DOMINGUEZ,
2. MIGUEL ANGEL CORTEZ,
3. ABELARDO CARMONA-GARCIA, JR., a/k/a "Papitas,"
4. ABRAHAM ANCHONDO-RAMIREZ,
5. OMAR DARIO CORRAL-AGUILERA,
6. JOHN APODACA,
7. PAUL MONTOYA,

     Defendants.

## ORDER

     This matter is before the Court on the parties' Stipulated Proposed Case Management Order and Request for Additional Excludable Time filed October 29, 2010. I first approve the deadlines set out in the Stipulated Proposed Case Management Order, which deadlines are incorporated into this Order.

     The parties also request that a status conference be set after the filing of discovery motions and responses.  This request is granted, and a status conference is set for Thursday, February 3, 2011, at 2:30 p.m.  To the extent a hearing on discovery motions is necessary, it will be set at that status conference.  The parties also request that a status conference be set after the following of wiretap motions and other motions

in April 2011.  The date for setting such a conference will be discussed at the status conference on February 3, 2011.

I now turn to the parties' request for an additional 120 day exclusion of time based on an ends of justice finding.  By way of background, at a hearing on August 30, 2010 and by Order of September 7, 2010, I granted a 120 day exclusion of time from the speedy trial deadlines following an ends of justice finding under 31 U.S.C. §§ 3161(h)(7)(A) and (B)(i) and (iv).  I denied without prejudice a request for a 120 day extension of time to file motions, ordering the parties to meet and confer and file a proposed case management order as the parties have now done.  The parties now request an additional 120 day exclusion of time from the speedy trial deadlines.

Turning to my analysis, the law regarding the Speedy Trial Act and ends of justice continuance was set forth in detail in my Order of September 7, 2010.  I incorporate that analysis into this Order.  I note again, however, that the Tenth Circuit has cautioned that ends of justice continuances should be a "'rarely used tool for those cases demanding more flexible treatment'" and that the district court must make clear on the record its reasons for granting such a continuance.  *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quotation omitted).

In the instant case, having carefully considered the request and the controlling law and being fully advised in the premises, I find that the unopposed motion for an ends of justice continuance should be granted.  Specifically, I find that the failure to grant a continuance in this case would deny Defendants and their counsel the reasonable time necessary for effective trial preparation, taking into account the

exercise of due diligence, and/or would be likely to result in a miscarriage of justice pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).

This finding is based on the fact that voluminous discovery is involved in this case, discovery is ongoing, wiretaps are involved in the case, and two of the Defendants have now been indicted in another separate drug conspiracy in Case No. 10-cr-00531-WYD.  Counsel for those Defendants will need additional time to assess the ramifications of the charges facing their clients in the two separate cases.  Based on the above, I find that the ends of justice served by an additional 120 day extension of the speedy trial deadlines outweigh the best interest of the public and the Defendants in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(i) and (iv).

In conclusion, it is

ORDERED that the parties' Stipulated Proposed Case Management Order (ECF No. 109 filed October 29, 2010, is **APPROVED**, and the request therein for additional excludable time is **GRANTED**.  An additional **one hundred twenty (120) days** are excluded from the speedy trial deadlines pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(i) and (iv).  In accordance with the Proposed Case Management Order, it is

ORDERED that any discovery motions shall be filed by **Monday, January 10, 2011**, and responses to these motions shall be filed by **Monday, January 24, 2011**.  It is

FURTHER ORDERED that a status conference is set for **Thursday, February 3, 2011, at 2:30 p.m.**  Dates for hearings on motions and/or additional status conferences shall be discussed at that hearing.  It is

FURTHER ORDERED that any "4-corners" motions attacking the wiretaps in this matter shall be filed by **Monday, March 28, 2011**, and responses to these motions shall be due by **Monday, April 11, 2011**.  It is

FURTHER ORDERED that all other pre-trial motions shall be due on **Monday, April 11, 2011**, and responses to these motions shall be due on **Monday, April 25, 2011**.

Dated:  November 16, 2010

                                        BY THE COURT:

                                        s/ Wiley Y. Daniel
                                        Wiley Y. Daniel
                                        Chief United States District Judge